UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| In re: GARY KLINGER, | : | CIVIL ACTION NO. |
| Debtor. | : | 3:07-cv-1042 (VLB) |
| | : | |
| | : | March 17, 2008 |

## RULING ON BANKRUPTCY APPEAL

The pro se debtor-appellant, Gary Klinger, appeals the decision of the United States Bankruptcy Court for the District of Connecticut (*Weil, J*), allowing the late filed claim of the creditor-appellee, Stewart Title Insurance Company ("Stewart"), pursuant to 11 U.S.C. 726(a)(3). For the reasons hereinafter set forth, the court finds the bankruptcy court did not err in its ruling and the decision is AFFIRMED.

The court assumes the parties' familiarity with the facts of this case and summarizes only the facts relevant to this appeal, all of which are undisputed. Stewart's claim involves a $71,500.00 note secured by a mortgage issued by Klinger to Chase Manhattan Mortgage Corporation ("Chase") on June 8, 1999, to secure a debt. Stewart issued a title insurance policy insuring the validity and priority of the mortgage on June 9, 1999. The policy issuing attorney had a retainer agreement with Stewart, providing that the attorney may be liable to Stewart for any losses suffered as a result of the attorney's negligence.

Klinger filed a chapter 11 bankruptcy petition on May 11, 2001. On

November 15, 2001, the case was converted to one under chapter 7. Chase received relief from the automatic stay to foreclose on its mortgage on January 23, 2002. In preparing to foreclose, but after receiving the relief from stay, Chase discovered the mortgage was never recorded and made a claim to Stewart under the title insurance policy. Stewart agreed to purchase the note from Chase to satisfy its obligations under the policy. The last day for filing proofs of claim in the bankruptcy was March 11, 2002. Stewart filed its proof of claim for recovery on the note on April 10, 2006, and Klinger filed an objection on June 26, 2006. The chapter 7 trustee filed her Final Dividend Distribution Report on September 8, 2006, establishing the existence of a surplus. On June 8, 2007, following a hearing on the claim and objection, Klinger filed a "motion for judgment" on Stewart's claim. On June 13, 2007, the bankruptcy court granted the motion to the extent that a final judgment would issue before June 29, 2007. On June 21, 2007, the bankruptcy court sustained Stewart's claim over Klinger's objection.

On appeal, this court reviews the factual findings of the bankruptcy court for clear error and conclusions of law are reviewed de novo. See Fed. R. Bankr. P. 8013; In re Bonnanzio, 91 F.3d 296, 300 (2d Cir. 1996). Klinger raises different issues in his notice of appeal [Doc. #1] and his appellant's brief. [Doc. #3] As he is proceeding pro se, the court will consider the substance of all issues raised by Klinger, regardless of form.

First, in the notice of appeal Klinger claims that the bankruptcy court lacked subject matter jurisdiction over Stewart's claim because Stewart was

2

required to first obtain a judgment against Klinger from the Connecticut Superior Court. He cites to no legal authority and posits no theory to support his position. The court is aware of no requirement that an assignee, standing in the shoes of a creditor by virtue of a contract, first bring a lawsuit in state court before filing a claim in bankruptcy court. This claim is wholly devoid of merit. A claim is defined as: "A) right to payment, *whether or not such right is reduced to judgment*, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5) (emphasis added). Klinger's argument is not only unsupported by bankruptcy law, but also asserts facts dramatically opposed to the securitization market as evidenced by the current sub-prime debacle. The bankruptcy court properly exercised jurisdiction over Stewart's claim.

Second, the notice of appeal claims that the bankruptcy court's June 13, and June 21, 2007, orders are contradictory. This is not so. The June 13 order granted Klinger's motion for judgment "to the extent that an order in respect of the subject Claim objection will be entered on or before June 29, 2007." [Doc. #4, Ex. C] The June 13 order only set forth a timetable for the court's ruling; it did not rule on the merits of the claim. The court complied with that timetable by issuing its ruling on June 21. There is no inconsistency between the two orders.

Third, in his appellant's brief, Klinger appears to reassert his arguments that Stewart's claim is barred as untimely filed. He again fails to cite any legal authority or explain his position in any way. The bankruptcy court held:

> Section 502(b)(9) of the Bankruptcy Code provides in relevant part that a claim be disallowed if 'proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph . . . (3) of section 726(a) of this title . . . .' 11 U.S.C. § 502(b). Section 726(a)(3) provides that late-filed claims may be paid but on a subordinated basis as provided for therein. See 11 U.S.C. § 726(a). Stewart confirms that it is seeking only payment on a subordinated basis (i.e., as a late-filed claim) in accordance with Section 726(a)(3). No motion for permission to file a Section 726(a)(3) claim is required. Accordingly, if otherwise appropriate the [claim] may be allowed as a late-filed claim (against the Surplus) and the Debtor's timeliness objection cannot prevail.

[Doc. #4, Ex. A] Stewart never asserted that its claim was timely filed. It specifically availed itself of the sttutory allowance for untimely filed, subordinated claims in section 726(a)(3). A plain reading of the sections 502(b)(9) and 726(a) shows the bankruptcy court's reasoning to be appropriate, and Klinger offers no additional facts that could cause this court to overturn the bankruptcy court's ruling.

Finally, Klinger's appellant's brief reads: "Note also that Stewart, despite a contract of explicit liability of its former attorney/agent, attached, failed, neglected, and refused to seek recourse against him. Wherefrom they would have recovered 100% of its loss plus attorney fees, costs and expenses. Oddly now seeks Stewart pennies on the dollar from the debtor appellant?" [Doc. #3] This appears to be more a factual argument than an issue for appeal. Nevertheless, the court notes that Klinger has not articulated any theory under which Stewart could be compelled to file a lawsuit against its former attorney. This court is not, and the bankruptcy court was not, aware of any requirement

that Stewart do so.

Based on the above reasoning, the ruling of the bankruptcy court is AFFIRMED. The bankruptcy court had jurisdiction to consider Stewart's claim that was appropriately filed pursuant to 11 U.S.C. § 726(a)(3). The clerk shall close the case file.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: March 17, 2008.